IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MITCHELL BENNETT, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20cv00198 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Mitchell Bennett, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 Amherst County Circuit Court conviction for third offense distribution of controlled substances. The matter is before the court on respondent's motion to dismiss. After reviewing the record, the court concludes that respondent's motion must be granted for the reasons stated below.

I.

On August 9, 2016, an Amherst County grand jury indicted Bennett on two counts of third-offense distribution of Schedule II controlled substances, in violation of Virginia Code § 18.2-248. Both charges arose from sales to a confidential informant (CI) that were at least partially recorded on video and separate audio, after the telephone calls scheduling the sales were audio recorded. Before trial, the CI died. Following the CI's death, defense counsel moved to exclude all video and audio recordings on the grounds that admission would deny Bennett his right to confront and cross-examine his accusers, as guaranteed by the Sixth Amendment to the United States Constitution. After consideration of the motion, the trial court admitted the silent video recordings of the transactions and the audio recordings of the transactions and phone calls between the CI and Bennett; however, the trial court excluded

audio recordings of law enforcement debriefing the CI after the undercover purchases. Trial Tr. 97–102, Jan. 6, 2017.

Immediately following the motion hearing, the trial court tried the case without a jury and found Bennett guilty of third offense distribution on April 28, 2016, but acquitted him of the charges on the second indictment, alleged to have occurred on May 12, 2016. Trial Tr. 172–174. In the light most favorable to the Commonwealth, the prevailing party, the evidence at trial established the following: On April 28, 2016, the CI placed a monitored and recorded telephone call to someone that the investigators recognized by voice to be Bennett. The CI said he had money and wanted to buy two "funny sticks" and "a whole three and a half." Investigator Hurt testified, based on his training and experience, that "funny sticks" were tobacco cigarettes dipped in PCP and "three and a half" meant 3.5 grams of crack cocaine. Trial Tr. 112–113. The CI asked where to meet Bennett, and Bennett replied that he would talk to the CI in five or ten minutes to finalize the location.

Investigators searched the CI and his motorcycle to make sure that he had no money or drugs in his possession, other than the $270 they provided him for the pending transaction. The officers also fitted the CI with a wire for live feed audio. Trial Tr. 113–115. Following the second phone call between Bennett and the CI, the investigators followed the CI to Cedar Crest Apartments, keeping the CI in sight the whole time, except when he went into the apartment complex. Once they reached the apartment complex, the investigators remained at the complex entrance, while the CI went towards the apartment. The audio feed had been engaged from the moment it was placed on the CI. Trial Tr. 36–39. As the CI approached the apartment, investigators remotely activated the video function as well,

which recorded and stored events without sound, while the sound was transmitted live to the investigators and separately recorded. Trial Tr. 42, 45. Once the CI returned to his motorcycle and left the complex, the officers followed him to a nearby Food Lion, where the CI turned over two items that he did not have previously, a sandwich bag with a chunky substance that field tested positive for cocaine and another baggie with two discolored cigarettes. Trial Tr. 119–120. The officers searched the CI again, and he no longer had the money, nor did he have any drugs other than those he turned over to the investigator.

The video introduced in court showed the CI and Bennett meeting. The video also showed that Bennett had two plastic baggies in his hand, with something in them, while he was with the CI, and the video showed Bennett holding two discolored cigarettes. A woman was in the living room very briefly at the beginning of the video, but otherwise, the only people on the video were the CI and Bennett. The video also showed a television set that was operating while the CI was present. The audio recording contained the voice of the CI and Bennett. Additional voices could be heard in the background, but since no other people were visible on the video around the CI and Bennett, the court concluded that the voices may have come another room or from the television.

Jacob Easter, a scientist at the Department of Forensic Science, testified that he examined both the cigarettes and the chunky substance submitted to the lab by investigators. His analysis confirmed that the cigarettes had PCP in them, and the other substance was 1.8 grams of cocaine. Trial Tr. 142–145.

Bennett obtained new counsel before the sentencing hearing, and counsel filed a motion to set aside the conviction on the grounds that the video had not been and could not

be properly authenticated without the CI's testimony. The trial court denied the motion, finding that it was untimely; further, however, the court noted that he would have denied the motion anyway, because the video was sufficiently authenticated. Sent. Tr. 23–24, July 14, 2017. Following consideration of a presentence report and arguments of counsel, the court then sentenced Bennett to twenty years in prison, suspending all but the mandatory minimum ten years, conditioned on two years of supervised probation upon release and twenty years of good behavior from the date of sentencing. Sent. Order, Gov. Ex. 1, ECF No. 14-1.

Bennett appealed his conviction, challenging the sufficiency of the evidence and the admission of the video and audio evidence. The Court of Appeals of Virginia affirmed his conviction and sentence on November 20, 2018. Bennett v. Commonwealth, 69 Va. App. 475, 496, 820 S.E.2d 390, 400 (2018). Bennett's petition for appeal to the Supreme Court of Virginia was refused on June 28, 2019. Gov. Ex. 3, ECF No. 14-3. No petition for certiorari was filed in the United States Supreme Court.

On June 18, 2019, Bennett filed a petition for habeas corpus in the Amherst County Circuit Court, alleging ineffective assistance of trial counsel, specifically that counsel was ineffective in:

1. Failing to file a motion to suppress Bennett's arrest as unsupported by cause;
2. Failing to challenge the admission of the video on authenticity grounds; and
3. Failing to challenge the admission of the video on hearsay grounds.

By order dated August 19, 2019, the court dismissed the habeas claim. Bennett did not appeal to the Supreme Court of Virginia.

On April 3, 2020, Bennett filed the current petition, alleging the following grounds for relief:

1. Bennett's constitutional right to confront and cross-examine his accuser was denied;
2. Chain of custody was insufficient without CI's testimony;
3. The evidence was constitutionally insufficient to support his conviction; and
4. Ineffective assistance of trial counsel in:
    a. Failing to raise hearsay and authentication objections to the video before trial;
    b. Making no objections during trial;
    c. Calling no witnesses for the defense;
    d. Waiting until "only weeks before trial" to prepare his case; and
    e. Trying to get him to take a plea deal instead of fighting the case.

## II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts reviewing constitutional claims properly adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A federal district court reviewing

5

a § 2254 petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds. The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). When reviewing a state court's assessment of an ineffective assistance of counsel claim, federal review is "doubly deferential," because the deferential standard of review under the statute overlaps with the deferential standard under Strickland v. Washington, 466 U.S. 668 (1984). Cullen v. Pinholster, 563 U.S. 170, 190 (2011). In other words, the federal court is to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. 12, 15 (2013).

Turning first to the procedural limitations, Bennett's petition is timely filed with the court. However, he has issues with exhaustion and procedural default on some of his claims.

## A. **Exhaustion**

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. Duncan v. Henry, 513 U.S. 364, 365–66 (1999); Kasi v. Angelone, 300 F.3d 487, 501–02 (4th

Cir. 2002). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance. Coleman, 501 U.S. at 732.

Bennett's claims (1) and (3) herein, alleging denial of the right to confront and cross-examine his accuser and constitutional insufficiency of the evidence, were both raised in his direct appeal to the Supreme Court of Virginia. Accordingly, those issues have been exhausted and will be considered on the merits in the next section of this opinion. Claim 2, regarding chain of custody, was not raised in the state court at all. Among Bennett's claims for ineffective assistance of counsel in claim 4, only failure to raise hearsay and authenticity objections to the video were raised in the state habeas claim, but Bennett failed to appeal the denial to the Supreme Court of Virginia, so it was not considered by the highest state court. The remaining claims for ineffective assistance of counsel were not presented in state court at all.

## B. Procedural Default

For the claims not presented to the state's highest court, it is too late to do so now. Not only has the time limit expired for a state habeas petition in this matter, but Virginia law prohibits successive petitions. Va. Code § 8.01-654. Likewise, Bennett can no longer appeal the ineffective assistance claim raised in the circuit court habeas matter, as the thirty-day window in which to do so has expired. Va. R. S. Ct. 5:9(a). A claim that has not been presented to the highest state court and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now is considered simultaneously exhausted and defaulted. Bassette v. Thompson, 915 F.2d 932, 936–37 (4th Cir. 1990).

## C. Overcoming Procedural Default

Before a federal habeas court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice resulting from the claimed federal violation. Coleman, 501 U.S. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the prisoner. Id. at 756–57. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 546 U.S. 152, 170 (1982). In the next section, these standards will be applied to Bennett's procedurally defaulted and exhausted claims.

## III.

## A. Claim 1 – Alleged Violation of Right to Confront and Cross-Examine

Because this claim was presented to the Supreme Court of Virginia on its merits, the claim is properly considered on its merits in this court. However, as previously indicated, the court may not grant relief unless the state court's determination was contrary to (or an unreasonable application of) federal law or was based on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1)-(2). The written opinion of the Court of Appeals of Virginia is the last reasoned state court opinion; thus, the court "looks through" the Supreme Court of Virginia's refusal of the appeal and reviews the reasoning of the court of appeals. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same

ground"). Accordingly, the deferential standard of review prescribed by § 2254(d) will apply in reviewing the court of appeals' opinion.

In its analysis, the state court correctly noted that testimonial hearsay is inadmissible in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Bennett, 69 Va. App. at 486, 820 S.E.2d at 395 (citing Crawford v. Washington, 541 U.S. 36, 68–69 (2004)). A statement is hearsay if made by someone outside of court and it is offered in court to prove that what was said is true, i.e., "the truth of the matter asserted." Id. For example, the audiotape statements of the CI to the police officer, saying where he got the drugs and from whom, in response to debriefing questions from the officer, were appropriately excluded by the trial court. Those statements were assertions of fact, offered to prove that the CI got the drugs from defendant, the classic example of hearsay. Photographs and videos, however, are generally silent witnesses, not assertions of fact. They simply depict what is happening. The silent video showing Bennett meeting with the CI simply showed what was happening. No non-verbal statements were made, and the video was not hearsay. Id. at 487, 820 S.E.2d at 396.

The state court's decision was not only a reasonable application of the law, but completely proper application of the law. Characterization of the video as hearsay or non-hearsay is strictly a legal issue, and no disputed factual issues were resolved in reaching the legal conclusion. Because the law was reasonably applied, the court cannot grant relief on this claim, and the court will dismiss it.

### B. Claim 2 – Chain of Custody

Because Bennett never previously raised this issue, either on appeal or in his state habeas claim, it is considered simultaneously exhausted and defaulted. The court may rule on the merits of the claim only if Bennett can demonstrate cause and prejudice for failing to raise the issue in state court. The only reason Bennett gives for not raising the issue before is that he "didn't have knowledge of the chain of custody" and his lawyer should have raised the issue. Pet. at 7, ECF No. 1. However, unfamiliarity with the law does not constitute adequate cause for procedural default. Holloway v. Smith, 81 F.3d 149 at *1 (4th Cir. 1996) (unpublished) (citing Miller v. Bordenkircher, 764 F.2d 245, 251–52 (4th Cir. 1985).

Even if Bennett could establish cause, he cannot establish prejudice, because chain of custody is a state-law evidentiary issue. Walden v. Clark, No. 7:17CV00398, 2018 WL 2306901, at *7 (W.D. Va. May 21, 2018) (citing Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983)). Under Virginia law, the Commonwealth must establish only the vital links in the chain of custody. Other gaps in the chain go to the weight of the evidence rather than to its admissibility. Branham v. Commonwealth, 283 Va. 273, 282, 720 S.E.2d 74, 70 (2012). Matters of state law evidentiary issues are not cognizable on federal habeas review, because they do not involve federal law. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Because he can establish neither cause nor prejudice for defaulting this issue, the court cannot consider this claim on the merits, and the claim will be dismissed.

### C. Claim 3 – Sufficiency of the Evidence

As with claim 1, Bennett properly exhausted this issue by raising it before the Supreme Court of Virginia on direct review. This court can consider the claim on the merits

and can grant relief only if the state court decision is contrary to (or an unreasonable application of) federal law or relies upon an unreasonable determination of the facts. As before, the court looks through to the published decision of the Court of Appeals of Virginia, the last reasoned opinion from the state court, to determine the reasonableness of the state court's decision.

When considering a constitutional challenge to the sufficiency of the evidence to support a conviction, the relevant standard is whether, "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 322 (1979). The state court applied this standard. <u>Bennett</u>, 69 Va. App. at 491–92, 820 S.E.2d at 398. The court then summarized the evidence in the light most favorable to the Commonwealth, as summarized above on pages 2–3 herein. The court noted that even purely circumstantial evidence is sufficient to support a conviction, if the evidence is sufficiently convincing to exclude every reasonable hypothesis other than guilt. <u>Id.</u> In making its determination, the appellate court defers to the factual findings of the trier of fact, giving deference to the facts and to all reasonable inferences from those facts. In this case, considering the recorded phone calls between Bennett and the CI arranging the transaction, the discolored cigarettes and baggies in Bennett's possession and visible on the video when CI met with Bennett, the surveillance on CI as he travelled to and from Bennett's apartment, the search of his person and motorcycle before and after the transaction, and that the items turned over after the transaction (PCP cigarettes and crack cocaine) were the items ordered in the phone call, the state court concluded that the evidence was sufficient to support some

reasonable person's decision to convict. Id. at 493, 820 S.E.2d at 399. The court cannot say that the state court's decision was unreasonable, as unreasonableness is a high threshold. Schriro v. Landrigan, 550 U.S. 465, 473 (2007). Further, the federal habeas court is required to presume that the state court's determination of facts is correct; this presumption can be overcome only be "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Bennett has offered no evidence to contradict the court's factual findings.

Because the state court correctly applied the relevant federal law and did not make an unreasonable determination of the facts, the court cannot grant relief on this claim.

### D. Claim 4 – Ineffective Assistance of Counsel Claims

None of Bennett's claims for ineffective assistance of counsel were presented to the Supreme Court of Virginia. Generally, such defaulted claims can be raised here only if a petitioner can establish cause and prejudice to overcome procedural default. The Supreme Court has established a narrow exception to the "cause and prejudice" test for ineffective assistance of counsel claims. The exception applies if (1) the claim of ineffective assistance of trial counsel is a "substantial claim;" (2) the "cause" is the lack of counsel (or ineffective assistance of counsel under the standards of Strickland, 466 U.S. at 668); (3) the state post-conviction proceeding was the first-time ineffective assistance of counsel was raised; and (4) the state post-conviction proceeding was the first one in which petitioner was actually or effectively allowed by state law to raise the claim. Martinez v. Ryan, 566 U.S. 1, 13–15 (2012); Trevino v. Thaler, 569 U.S. 413, 423 (2013).

That test appears to apply to most of Bennett's ineffective assistance of counsel claims. Virginia is a jurisdiction that requires petitioners to raise ineffective assistance of

counsel claims for the first time in state post-conviction proceedings. Blevins v. Commonwealth, 267 Va. 291, 296 fn *, 590 S.E.2d 365, 368 fn * (Va. 2004). Bennett had no counsel in his state habeas case. He raised ineffective assistance of counsel, but mostly different from the ones he has alleged in his federal petition. The question becomes whether the claims are "substantial" as required by Martinez. A substantial claim is one that has merit. Martinez, 566 U.S. at 14.

### 1. Failure to Timely Raise Hearsay and Authentication of the Video

This is the one ineffective assistance claim herein that Bennett raised in his state habeas petition, but it is procedurally defaulted because he did not appeal the state habeas decision to the Supreme Court of Virginia. This means that the circuit court considered the merits of Bennett's claim on this issue. Accordingly, Martinez does not apply. The Court intended the narrow exception in Martinez to apply only to those cases in which no state or federal court had considered the merits of a claim for ineffective assistance of trial counsel. "The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*." Martinez, 566 U.S. at 16. Without Martinez, Bennett is back to the cause and prejudice standard set forth in Coleman. 501 U.S. at 750. His claim that he did not know he could appeal the circuit court's decision is not sufficient. As discussed previously, unfamiliarity with the law does not constitute adequate cause for procedural default. Holloway, 81 F.3d 149 at *1.

Nor can Bennett show prejudice or demonstrate that this is a substantial claim. As reflected in the circuit court's opinion, Bennett's trial counsel filed a motion to suppress the video, arguing that it contained testimonial hearsay and violated Bennett's right to confront

13

and cross-examine the witnesses against him. Bennett v. Clarke, No. CL19-560, Order at 12 (Amherst County Cir. Ct. Aug. 19, 2019). Bennett's counsel argued the motion before trial and raised the issue again during his direct appeals, as noted above. The court ruled against Bennett, reasonably applying federal law, as discussed above in subsection III (A) of this opinion. Bennett's allegation that counsel failed to raise the hearsay issue is completely without merit.

Likewise, Bennett's counsel raised the authentication issue before sentencing. Although the court found the motion untimely, the court also held that the video had been sufficiently authenticated. Thus, Bennett can show no prejudice resulting from counsel's failure to raise the issue earlier. Sent. Tr. at 23–24.

Because Bennett cannot establish cause and prejudice to overcome default, and Martinez does not apply to Bennett's failure to appeal this habeas claim, the court will not consider the merits of claim 4(a).

**2. Failure to Make Objections During Trial**

Bennett states that his attorney made no objections during the trial. Martinez applies, and the court will consider this claim on the merits if it is a substantial claim, that is, one that has merit. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

Bennett has not alleged what objections his attorney should have made but did not. Without such information, he could not prevail on his claim. "Unsupported, conclusory

14

allegations do not entitle a habeas petitioner to an evidentiary hearing." United States v. McCleary, 112 F.3d 511, 1997 WL 215525 at *3 n.3 (4th Cir. 1997) (unpublished). Further, decisions on matters of trial strategy, including what evidentiary objections to raise, are presumed to be without the wide range of reasonable strategy decisions of counsel. Gonzalez v. United States, 553 U.S. 242 (2008). Accordingly, this claim is without merit, not substantial, and the court will dismiss it.

### 3. Failure to Call Witnesses on His Behalf

As with the prior claim, Bennett has failed to identify witnesses that counsel should have called, what they would have testified to, and how they might have changed the outcome of the trial. Without this information, Bennett cannot show prejudice from any alleged omission of counsel, and without prejudice, the claim has no merit. Because the claim is not substantial, Bennett has not overcome his procedural default, and the court will not consider the claim.

### 4. Failure to Prepare for Trial Until a Few Weeks Before

Bennett alleges that counsel did not prepare for trial until a few weeks before. He does not allege that counsel was unprepared or that counsel failed to do something he should have done because he ran out of time. Without such allegations, Bennett demonstrates neither deficient performance nor prejudice, and this claim is not substantial. The court will dismiss claim 4(d).

### 5. Urging Bennett to Enter a Plea Rather than Try the Case

Finally, Bennett alleges that counsel was ineffective because he urged Bennett to consider a plea agreement rather than trying the case. This claim is also without merit. First,

15

because Bennett exercised his right to trial, he cannot demonstrate any prejudice from counsel's advice to plead guilty; he did not take the advice and therefore could not have been prejudiced by it.

Before even reaching the prejudice question, Bennett has utterly failed to show that counsel's advice to plead guilty was "outside the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 770 (1970). Trial outcomes are never certain, and a lawyer is professionally obligated to render candid advice to his client. "[A] lawyer should not be deterred from giving candid advice by the prospect that the advice will be unpalatable to the client." Va. R. Prof. Conduct, Rule 2.1 cmt. n.1. In sum, just because Bennett did not like what counsel recommended, that did not mean that counsel was ineffective in advising him.

Because Bennett can show neither deficient performance nor prejudice, this claim is not substantial. Bennett has failed to overcome his procedural default on this issue as well, and the court will dismiss the claim.

In summary, the court dismisses claims 1 and 3 because the decision of the state court was not contrary to federal law and did not constitute an unreasonable determination of facts or application of law. Claim 2 is not cognizable in federal habeas because the claim involves a matter of state law, not federal law. The claims of ineffective assistance of counsel in claim 4 were procedurally defaulted, and Bennett has failed to demonstrate that any are substantial claims, so he cannot overcome his default.

## IV.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzalez v. Thaler, 565 U.S. 134, 140–41 (2012). Bennett has not made any such showings in this case.

For the foregoing reasons, the court will grant respondent's motion to dismiss, dismiss the petition for a writ of habeas corpus, and deny a certificate of appealability.

**ENTER:** This ⎯3rd⎯ day of August, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.08.03 17:17:08
-04'00'

_____
Chief United States District Judge